IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER L. TYSON, III, | : Civil No. 1:26-CV-0564 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| FRANK BISIGNANO, Commissioner of Social Security, | : |
| Defendant. | : |

## MEMORANDUM OPINION

## I. Introduction

Walter Tyson filed an application under Titles II and XVI of the Social Security Act for disability insurance benefits and supplemental security income on June 23, 2021. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Tyson was not disabled from his alleged onset date of disability, June 1, 2017, through August 5, 2025, the date of the ALJ's decision.[1]

Tyson now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and

[1] Tr. 8196-8217. This was the second decision by the ALJ, the first having been remanded by this court and the Appeals Council. *See* Tr. 14-38, 8300-21.

mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[2] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Tyson filed for disability insurance benefits and supplemental security income, alleging disability due to bipolar disorder, anxiety disorder, and depression, along with several physical impairments.[3] Tyson was 43 years old at the time of his alleged onset of disability, had at least a high school education, and had no past relevant work.[4]

An ALJ held a hearing on Tyson's disability application on July 8, 2025.[5] Tyson and a Vocational Expert ("VE") both appeared and testified at this hearing.[6] Following this hearing, on August 5, 2025, the ALJ

[2] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[3] Tr. 71. We limit our discussion of the record to Tyson's mental health impairments, as his appeal focuses solely on the ALJ's mental residual functional capacity determination.
[4] Tr. 8215.
[5] Tr. 8218-37.
[6] *Id.*

issued a decision denying the plaintiff's application for disability benefits.[7] The ALJ first concluded that Tyson had not engaged in substantial gainful activity since his alleged onset date of disability.[8] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from several severe physical impairments, as well as major depressive disorder, anxiety disorder, personality disorder, and bipolar disorder.[9] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[10] The ALJ concluded that Tyson's mental health impairments caused no more than moderate limitations in the four broad areas of mental functioning.[11]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform a range of light work with additional limitations, including occasional interaction with coworkers and supervisors but no interaction with the public, and only

[7] Tr. 8196-8217.
[8] Tr. 8202.
[9] *Id.*
[10] Tr. 8203-06.
[11] Tr. 8204-06.

occasional changes in workplace routine and setting.[12] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[13] Ultimately, the ALJ concluded that the plaintiff was not as limited as he alleged.

Having made these findings, the ALJ found at Step 4 that Tyson had no past relevant work but found at Step 5 that he could perform the occupations of a small parts assembler, inspector and hand packager, shipping receiver weigher, and a marker.[14] Accordingly, the ALJ found that Tyson had not met the stringent standard prescribed for disability benefits and denied his claim.[15]

This appeal followed.[16] On appeal, Tyson argues that the ALJ erred by failing to include limitations regarding Tyson's concentration, persistence and pace in the RFC assessment.[17] This case is fully briefed

[12] Tr. 8206.
[13] Tr. 8206-15.
[14] Tr. 8215-16.
[15] Tr. 8216-17.
[16] Doc. 1.
[17] Doc. 16.

and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[18] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[20] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[21]

---

[18] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[19] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[20] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[21] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[22] Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[23] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[24] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[25]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful

---

[22] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).
[23] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[24] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[25] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

work which exists in the national economy."[26] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[27] In making a disability determination, the ALJ follows a five-step evaluation.[28] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[29]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her

---

[26] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[27] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[28] 20 C.F.R. §§404.1520(a), 416.920(a).
[29] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

impairment(s)."[30] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[31] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[32]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[33] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[34]

---

[30] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[31] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[32] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[33] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[34] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

B. <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is supported by substantial evidence in the record.[35] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Tyson's sole argument on appeal is that the ALJ failed to account for his moderate limitations in concentration, persistence, and pace in determining the RFC. As we have noted, the RFC limited the plaintiff to occasional to no interaction with others and occasional changes to workplace setting and routine to account for Tyson's mental health impairments.[36] Tyson contends that the ALJ provided no explanation for his failure to include restrictions due to Tyson's moderate limitations in concentrating, persisting, and maintaining pace, including a limitation to simple work.[37]

---

[35] *Biestek*, 139 S. Ct. at 1154.
[36] Tr. 8206.
[37] Doc. 16 at 17-18.

But the ALJ did explain why he did not include certain limitations, including a limitation to simple work,[38] in the RFC. The ALJ first found that Tyson suffered from a moderate limitation in concentration, persistence, and pace, noting that Tyson reported problems with concentrating that he was distractible.[39] The ALJ also noted, however, that the records contained objective findings of intact attention and concentration, and that Tyson reported an ability to drive, manage money, care for his children, work, and go hunting.[40] Thus, the ALJ explained that he accounted for this limitation by restricting Tyson to work that involved only occasional changes in work setting or routine.[41]

In making this determination, the ALJ recounted the plaintiff's mental health treatment records during the alleged disability period.[42] He noted that Tyson was diagnosed with major depressive disorder, anxiety disorder, personality disorder, and bipolar disorder, and

---

[38] *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 212 (3d Cir. 2019) (discussing the relation between "simple tasks" and a moderate limitation in concentration, persistence, and pace).
[39] Tr. 8205.
[40] *Id.*
[41] *Id.*
[42] Tr. 8210-12.

underwent counseling and medication management for these impairments.[43] While the record contained some clinical findings of a depressed, anxious, and irritable mood at times, the objective evidence also indicated that Tyson's attention and concentration were intact, and that his mental health symptoms were controlled when he was medication compliant.[44] Additionally, Tyson acknowledged an ability to be independent in his activities of daily living, which included personal care tasks, cleaning, cooking, caring for his children, driving, shopping, hunting, and working during the relevant period.[45]

Further, the ALJ, in considering the opinion evidence, explicitly explained why he found a limitation to simple work was not warranted. In discussing the opinion of Dr. George Ondis, Ph.D., who opined that Tyson was limited to simple tasks, the ALJ found this opinion of limited persuasiveness, reasoning that Tyson's longitudinal medical record,

[43] Tr. 8210 (citing Tr. 410-17, 1252-68, 1308, 8287-98, 6238-6888).
[44] Tr. 8211-12 (citing e.g., Tr. 415, 425, 637-38, 1448, 1550-51, 2958-61, 6443, 6864-65, 9700-01).
[45] Tr. 8210 (citing e.g., Tr. 424, 429, 1252, 1309, 2782, 2794, 2887, 5661). The ALJ specifically noted that Tyson reported working at a golf course during the alleged disability period, a job he was laid off from due to the Covid-19 pandemic, not because of any mental health issues.

including the unremarkable findings above and Tyson's activities of daily living did not support a limitation to simple work.[46] The remainder of the mental health opinion evidence found none or only mild limitations in Tyson's abilities regarding concentration persistence and pace.[47] And the ALJ found these opinions only somewhat persuasive, reasoning that the objective mental status findings during the relevant time supported greater but no more than moderate limitations in this area.[48]

Accordingly, given this analysis and explanation, we conclude that the ALJ's RFC determination is supported by substantial evidence. The ALJ recounted the objective evidence and the medical opinions, which demonstrated some limitations in Tyson's mental functioning, and explained why he found the plaintiff limited to the restrictions set forth in the RFC. This evidence included the medical opinions that found no more than moderate limitations in Tyson's ability to concentrate, persist,

---

[46] Tr. 8214.
[47] *See* Tr. 75-76 (Dr. Murphy October 2021 RFC), 112 (Dr. Chiampi June 2022 mental RFC), 419 (Dr. Coons November 2018 assessment), 446 (Dr. Vanes March 2022 assessment), 8283 (Dr. Kennedy July 2024 mental RFC), 8296 (Dr. Ondis October 2024 mental RFC).
[48] Tr. 8212-15.

and maintain pace; objective clinical findings of intact attention and concentration throughout the relevant period; and Tyson's own reported activities of daily living, which included personal care, household chores, child care, hunting, and working. Ultimately, the ALJ concluded that Tyson was not as limited as he alleged. While the plaintiff contends that the objective findings warranted greater limitations, this is merely a request for us to reweigh the evidence, which we may not do.[49]

In sum, we find that the ALJ considered all the evidence and adequately explained the decision to include or discount certain limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

[49] *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 23rd day of November 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge